IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | |
|---|---|
| JAMES R. WISE, ) | Civil Action No. 2:25-CV-01670-CBB |
| ) | |
| Plaintiff, ) | |
| ) | United States Magistrate Judge |
| vs. ) | Christopher B. Brown |
| ) | |
| MILWAUKEE ELECTRIC TOOL ) | |
| CORPORATION, MIDWEST MOTOR ) | |
| SUPPLY CO., ) | |
| | |
| Defendants, | |

**MEMORANDUM OPINION[1]**
**ON DEFENDANT MILWAUKEE ELECTRIC TOOL CORPORATION'S**
**PARTIAL MOTION TO DISMISS, ECF NO. 12**

**Christopher B. Brown, United States Magistrate Judge**

**I.    Introduction**

Plaintiff James R. Wise ("Wise") brings this products liability lawsuit alleging

he was seriously injured by an angle grinder from Defendant Milwaukee Electric

Tool Corporation ("Milwaukee Tool") and a grinding wheel from Defendant Midwest

Motor Supply Company ("Midwest Motor").  ECF No. 1-2 at ¶¶ 10-14.  Wise brings

strict liability (Count I) and negligence and recklessness (Count II) claims against

Milwaukee Tool.  *Id.* at ¶¶15-39.  He brings strict liability (Count III) and

---

[1]    All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

negligence (Count IV) claims against Midwest Motor. *Id.* at ¶¶ 15-51. Lastly, he holds both defendants jointly and severally liable (Count V). *Id.* at ¶¶ 52-53.

This case was originally filed in the Court of Common Pleas of Allegheny County and Milwaukee Tool removed it to this Court. ECF No. 1. The Court has subject matter jurisdiction under 28 U.S.C. § 1332.[2]

Relevant here for purposes of this Memorandum Opinion, Wise seeks punitive damages against Defendant Milwaukee Tool at Counts I and II. ECF No. 1-2 at 40-41. In response, Milwaukee Tool filed the pending Motion to Dismiss Plaintiff's claims for punitive damages. ECF No. 12. The Motion is fully briefed and ripe for consideration.[3] ECF Nos. 12-13, 17, 18.

As set forth in more detail below, Milwaukee Tool's Partial Motion to Dismiss is DENIED. Milwaukee Tool may raise these arguments again at summary judgment.

## II.    Factual Background

The following allegations in the Amended Complaint are accepted as true with all reasonable inferences drawn in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny,* 515 F.3d 224, 237 (3d Cir. 2008).

Wise alleges that on September 3, 2023, he was using a Milwaukee angle grinder when the grinder violently kicked back, and the grinding wheel

---

[2]    The Parties are citizens of different states and the amount in controversy exceeds the jurisdictional threshold. *See* ECF Nos. 1-2, 2, 9.

[3]    Defendant Midwest Motor did not file a motion to dismiss but rather filed an Answer. ECF No. 10.

"catastrophically failed" such that it struck him in the face. ECF No. 1-2 at ¶¶ 10-14. He alleges this caused him severe injuries to his eyes and face. *Id.*

As to Milwaukee Tool's angle grinder specifically, he alleges the product was defective, and there were "reasonably feasible and safter alternative designs for the angle grinder" that would have prevented his injuries. *Id.* at ¶¶ 19-22. Wise says that "[s]ince at least the 1960s," angle grinders have been available with a safety feature of a mechanical safety slip clutch that would have prevented kickback, and that without it, the product was "unreasonably dangerous." *Id.* at ¶¶ 27-28; 38.

Wise alleges the angle grinder did not have a mechanical brake to stop the wheel "rapidly after power release or loss of control." *Id.* at ¶ 29. He also alleges the grinder had improper removable guards and side handles and otherwise failed to have clear warnings that it lacked these safety features. *Id.* at ¶¶ 30-31; 38. Wise says Milwaukee Tool knew or had reason to know this lack of safety features posed a high degree of risk, but "in conscious disregard and indifference to that risk, [it] recklessly failed to take reasonable steps" to prevent the harm. *Id.* at ¶ 32.

### III.    Standard of Review - Motion to Dismiss for Failure to State a Claim (Fed. R. Civ. P. 12(b)(6))

A Fed. R. Civ. P. 12(b)(6) motion challenges whether the complaint states an actual claim. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and can be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A defendant has the burden to show a complaint fails to state a claim. *See Gould Elecs. Inc. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must be dismissed if it merely alleges entitlement to relief without supporting facts.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).  This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.'"  *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).  The court need not accept as true "unsupported conclusions and unwarranted inferences," *Doug Grant, Inc. v. Great Bay Casino Corp.*, 232 F.3d 173, 183–84 (3d Cir. 2000), nor a plaintiff's "bald assertions or legal conclusions."  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The court's role is limited to determining if a plaintiff is entitled to offer evidence in support of their claims – not if they will ultimately prevail.  *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (overruled on other grounds).

## IV.    Discussion

Defendant Milwaukee Tool filed the pending Partial Motion to Dismiss Plaintiff's claims for punitive damages at Counts I and II.  ECF Nos. 12-13.

Under Pennsylvania law, punitive damages are recoverable where "a defendant's actions are of such an outrageous nature as to demonstrate intentional, willful, wonton or reckless behavior."  *Blankenship v. Wholesome Logistics, LLC*, No. 3:25-00122, 2026 WL 872522, at *1 (W.D. Pa. Mar. 30, 2026) (citing *Hutchison*

*ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005)).  *See also PPL Elec. Utilities Corp. v. Coterra Energy, Inc.*, No. 3:25-794, 2026 WL 328376, at \*6 (M.D. Pa. Feb. 7, 2026) ("Outrageous conduct can be demonstrated by intentional, willful, wanton, or reckless conduct").  Punitive damages "must be supported by evidence sufficient to establish that '(1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act . . . in conscious disregard of that risk.'"  *PPL Elec. Utilities Corp.*, 2026 WL 328376, at \*6 (quoting *Hutchinson*, 870 A.2d at 770).  Because of this, "[t]he state of mind of the actor is vital."  *Feld v. Merriam*, 485 A.2d 742, 748 (1984).  Additionally, in Pennsylvania, punitive damages are available for products liability cases. *Hutchinson v. Penske Truck Leasing Co.*, 876 A.2d 978, 983 (Pa. Super. Ct. 2005), *aff'd*, 922 A.2d 890 (Pa. 2006).

Milwaukee Tool argues Wise's claims for punitive damages are not supported by the Complaint.  ECF No. 13 at 3-7.  It argues Wise restates the elements of a claim for punitive damages without specifying the "outrageous" behavior.  *Id.* at 4-5. *See also* ECF No. 18.  It also argues Wise's allegations are intentionally open-ended so he can find an alternative basis for punitive damages during discovery.  *Id.* at 5.

Wise argues in opposition that he pled punitive damages by alleging there were long-available safety features for angle grinders, but the product was sold without those features.  ECF No. 17 at 5.  He further argues Milwaukee Tool had the means, the opportunity, and the motive to persist with this design lacking the known safety features.  *Id.* at 6.  Finally, Wise argues that this argument is

premature, and Milwaukee Tool can renew it after discovery.  *Id.* at 7, 9.

The Court agrees it is premature to discuss punitive damages at this stage and will deny the Motion to Dismiss.  Punitive damages require a fact-intensive inquiry that is not appropriate at the motion to dismiss stage.  *See Bountiful Cap., LLC v. Kaminski*, No. 3:25-CV-00888, 2026 WL 1507700, at \*9 (M.D. Pa. May 29, 2026) ("It would be premature for the Court to dismiss Bountiful's request for punitive damages at this stage"); *Rimel v. Alabama Janitorial & Paper Supply, LLC*, No. 23-CV-2020, 2024 WL 3937480, at \*6 (W.D. Pa. Aug. 26, 2024) ("That is a question for another day. The parties may take discovery on the facts underlying Rimel's negligence claim. The Court will determine, at the appropriate time, whether those facts rise to a level that would warrant charging the jury on punitive damages"); *Tucker v. Horn*, No. 4:16-cv-0071, 2016 WL 4679018, at \*1 (M.D. Pa. Sept. 7, 2016) ("This Court has consistently held that it is premature to dismiss demands [for] punitive damages prior to discovery; the motion to dismiss will therefore be denied.").  Milwaukee Tool may raise these arguments again after discovery.

Setting aside the fact that it is premature to discuss punitive damages at this time, Wise has otherwise alleged a claim for punitive damages.  Wise alleged Milwaukee Tool had a "subjective appreciation of the risk of harm" because there were known and routine safety features for angle grinders designed to prevent Wise's kickback-related injury.   ECF No. 1-2 at ¶¶ 27-31; 38.  Wise also alleged Milwaukee Tool "knew or had reason to know that its conduct posed a high degree

of risk of physical harm" from a kickback injury, and "recklessly failed to take reasonable steps to prevent" the harm. *Id.* at ¶ 32.

At this stage, these allegations are sufficient to sustain a claim for punitive damages until a more fact-intensive inquiry can occur. *See, e.g., Rile v. Alpha Techs., Inc.,* No. 06-52, 2006 WL 515534, at *2 (W.D. Pa. Feb. 28, 2006) (denying motion to dismiss punitive damages because plaintiff pled defendant "designed, manufactured, marketed and sold a product which it knew, or should have known, was defective and posed a serious danger to the user"); *Valenta v. BI Inc.,* No. 20-912, 2021 WL 7185785, at *5 (W.D. Pa. Oct. 8, 2021), *report and recommendation adopted*, No. 20-912, 2022 WL 580930 (W.D. Pa. Feb. 25, 2022) (denying motion to dismiss for punitive damages because plaintiff pled the defendant "may have acted with knowledge of hazards associated with the product at issue").

Accordingly, Milwaukee Tool's Motion to Dismiss is DENIED. Milwaukee Tool may raise these arguments again at summary judgment should it choose to do so upon a more complete record.

## V.    Conclusion

For the reasons stated herein, Milwaukee Tool's Partial Motion to Dismiss (ECF No. 12) is DENIED.   An appropriate Order follows.

DATED this 30th day of June, 2026.

BY THE COURT:

s/Christopher B. Brown
United States Magistrate Judge

CC: All counsel of record, *via ECF*

7